IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

|  |  |  |
|---|---|---|
| | Plaintiff, | ORDER |
| v. | | 17-CR-36-WMC-002 |
| KYLE L. ANDERSON , | | |
| | Defendant. | |

A hearing on the probation office's petition for judicial review of Kyle L. Anderson's supervised release was held on August 5, 2021, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Aaron Wegner. Defendant was present in person and by counsel Robert Ruth. Also present was Supervisory U.S. Probation Officer Catherine Cwirla.

FACTS

From the record, I make the following findings of fact. Defendant was sentenced in the Western District of Wisconsin on March 1, 2018, following his conviction for conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. § 846 and § 841(b)(1)(C), a Class C felony. Defendant was originally committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a three-year term of supervised release to follow. On March 6, 2019, defendant's sentence was amended to a term of imprisonment of 24 months, while his term of supervised release remained unchanged.

On July 19, 2019, defendant began his term of supervised release. Despite an extended residency at Rock Valley Community Programs, Inc. ("RVCP"), he failed to secure a personal residence and was released to a motel in Whitewater, Wisconsin, to be near his place of

employment, which is also the location of his biological mother and sisters, who appear to have been negative influences on the defendant. While he has maintained employment throughout supervised release, the defendant still has not secured his own residence, has struggled with sobriety, and has otherwise adopted a pattern of non-compliance with his terms of supervision, culminating in a September 2020 judicial teleconference with his probation officer and me to address violations for incurring misdemeanor charges and consuming alcohol on multiple occasions. Unfortunately, since then, the defendant's performance has remained mixed.

Violations presented in the petition include:

**Mandatory Condition** –that he not commit another federal, state, or local crime. On May 25, 2021, defendant pleaded guilty to misdemeanor operating while revoked and misdemeanor failing to install ignition interlock device in Walworth County, Wisconsin, Circuit Court Case No. 2020CT355. He was sentenced to pay a fine. Additionally, on January 21, 2021, defendant failed to appear in court to address that charge, and he was further charged with misdemeanor bail jumping in Walworth County, Wisconsin, Circuit Court Case No. 2021CM77, to which he also pleaded guilty on May 25, 2021, and was ordered to pay a fine.

**Standard Condition No. 2** –requiring him to report as directed by the probation officer. More specifically, defendant failed to contact the probation officer as directed in November 2020; January 2021; February 2021; and March 2021.

**Standard Condition No. 4** –requiring that he notify the probation officer within 72 hours of any change in residence, employer, or job classification. Specifically, on February 5, 2021, defendant's previous employer informed the probation office that defendant had not reported to work since January 15, 2021, and thus, he had been terminated from his employment.

Nevertheless, defendant failed to report this change in employment to his probation officer as required.

**Standard Condition No. 9** –requiring that he notify the probation officer within 72 hours of being arrested or questioned by law enforcement when on February 28, 2021, defendant was questioned by police regarding an altercation between one of his sisters and his girlfriend, but failed to report this contact timely as required.

**Special Condition No. 14** –requiring that he abstain from the use of alcohol, having consumed alcohol on at lease January 1, February 26, April 10, May 5, 17, and 31, August 16 and 19, October 4, November 16 and 26, 2020, and June 7, 2021.

**Special Condition No. 16** –requiring that he participate in substance abuse treatment and testing.   On March 17 and April 29, 2021, defendant submitted urine specimens that tested positive for marijuana and admitted consuming THC edibles.   He also failed to comply with drug testing by failing to provide alcohol breath tests on multiple occasions in January, February and March 2021.

**Special Condition No. 18** –requiring that he participate in treatment, by failing to attend multiple, scheduled mental health and substance abuse treatment sessions in September, October and December 2020, as well as January, February, March, April and May 2021.

CONCLUSIONS

While defendant's violations are serious in light of his offense of conviction and repeated non-compliance on supervised release, defendant's criminal history category remains I, and with no more than Grade C violations, defendant's advisory guideline range of imprisonment is only 3 to 9 months.   Even the statutory maximum to which defendant can be sentenced upon revocation

is 24 months under 18 U.S.C. § 3583(e)(3), because the underlying offense of conviction is a Class C felony, although Title 18 U.S.C. § 3583(h) authorizes another term of supervised release to follow imprisonment.

Moreover, while defendant has struggled with alcoholism for many years, and more recently struggled to attend his dual diagnosis mental health and substance abuse sessions once per week during most of his period of supervision, beginning in June 2021, no doubt motivated by the Probation Office's petition for review, the defendant has reportedly started to attend his sessions regularly, and as importantly, to sincerely engage in his treatment, causing his current counselor to believe he is genuinely making progress in treatment and hope he can continue to progress in treatment in the community, maintain sobriety and avoid the negative influences of others who have undermined his progress in the past. As a result, the probation office also supports continuation of his supervised release.

Despite his continued non-compliance, defendant's violations do not warrant revocation at this time. Defendant's overall performance on supervision has been poor, despite multiple interventions, and should he continue to engage in non-compliant behavior, future violations will likely result in adverse court action. However, based on input from the defendant's dual diagnosis counselor, his recommitment to sobriety, and the Probation Office's recommendation, I am persuaded that the court's concerns are still best addressed by an admonishment, and by providing additional guidance and supervision to the defendant, although any further, serious missteps are likely to result in his reincarceration, particularly if not addressed with the Probation Office proactively by defendant, rather than making that office find out about violations on its own.

ORDER

IT IS ORDERED that the defendant's period of supervised release be CONTINUED in order to give him a last opportunity to demonstrate good faith compliance with the conditions of his supervised release.

Entered August 5, 2021.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

5